**Graydon**
**Head &**
**Ritchey**
**LLP**

*Attorneys at Law*

William G. Geisen
Direct Dial: (859) 578-2424
E-Mail: wgeisen@graydon.com

January 6, 2004

Mr. John Fahey
Jefferson at Penn Quarter, LP
443 7th Street, N.W.
Washington, D.C. 20004

Re: The Jefferson at Penn Quarter

Dear Mr. Fahey:

Please be advised that I represent Richard Goettle, Inc. ("Goettle") which was the earth retention system subcontractor on the Jefferson at Penn Quarter project in Washington, D.C. ("Project"). Jefferson at Penn Quarter, LP ("JPQ") owes Goettle in excess of $1.1 million on the Project, as will be outlined in greater detail in this letter. I trust that you are aware of Goettle's longstanding claims since Goettle has attempted to get paid on its claims since at least April, 2002.

As you recall, in November, 2000, Mr. John Donahue of The Donahue Company, as a consultant and agent of JPQ and Jefferson at Penn Quarter, Inc. ("JPI"), solicited a bid from Goettle by sending to it a copy of the Request for Proposal relating to the Sheeting, Shoring and Underpinning system on the Project. In December, 2000, Goettle submitted its bid to Mr. Donahue; and, over the next month, Goettle and JPQ/JPI conducted several post-bid meetings relating to the Project. In January, 2001, JPI advised Goettle that JPI would enter into a contract with Goettle. Months lagged, and JPQ/JPI delayed Goettle's work on the Project.

Approximately ten months later, Goettle entered into a subcontract with J.A. Jones, Tompkins Builders, Inc. ("Jones/Tompkins") relating to the same earth retention system work on the Project, as JPQ had assigned the general contractor work to Jones/Tompkins. The subcontract between Goettle and Jones/Tompkins recognizes that Goettle has the right to pursue claims against JPQ for certain delays relating to the underpinning work. In addition, JPQ was listed as an additional insured on Goettle's liability insurance for the Project.

www.graydon.com

**Mailing Address**
P.O. Box 17070
Ft. Mitchell, Kentucky 41017-7070

**Kentucky Office**
2500 Chamber Center Drive
Suite 300
Ft. Mitchell, Kentucky 41017
telephone (859) 282-8800
fax (859) 525-0214

**Cincinnati Office**
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

Mr. John Fahey
January 6, 2004
Page 2

When Goettle was given its notice to proceed in October, 2001, the job site was not fully available for Goettle's work. JPQ redesigned certain portions of the Project, and delays occurred in the shop drawing review process. As you know, JPQ was required to demolish buildings C, D, E, G and H, and JPQ altered the sequence in which it demolished those buildings to accommodate its needs. JPQ's resequencing of the work significantly impacted Goettle's ability to perform its work in an orderly fashion, as initially planned.

JPQ, both on its own and through its agents, owed to Goettle a duty of reasonable care to, among other things, ensure that Goettle could perform its work as planned and thereby not be impacted negatively by JPQ's delays or resequencing of work. JPQ, through its actions and inactions, has failed in these responsibilities causing Goettle to lose approximately $1 million detailed below. As a result, JPQ is responsible for the significant losses which Goettle has suffered on this Project.

In addition, Goettle expended significant labor, material and equipment on this Project, but it has not been paid. At this point, JPQ has benefited from Goettle's work on the Project, but it has been unjustly enriched because it has not paid Goettle in full for the material, labor and equipment which Goettle expended on the Project. Accordingly, JPQ is required to pay Goettle for its work.

Goettle has determined that the financial losses which it has suffered, through no fault of its own and due to JPQ's impact/delays, on the Project total at least $948,270.93, which is itemized as follows:

| **Category** | **Amount** |
|---|---|
| Labor | $165,461.35 |
| Material | $78,910.30 |
| Equipment | $184,974.49 |
| Miscellaneous | $117,159.83 |
| General Expenses | $88,515.42 |
| Solider Pile Material (previously claimed) | ($14,095.00) |
| Overhead (10%) | $62,092.64 |
| Profit (10%) | $68,301.90 |
| Retainage | $196,950.00 |
| **TOTAL:** | **$948,270.93** |

Please understand that this amount of $948,270.93 does not include Goettle's claims for unabsorbed or under-absorbed overhead as a result of JPQ's impact/delays, interest and attorney's fees. If we are unable to resolve this claim, those component of damages will be added to Goettle's claims.

Mr. John Fahey
January 6, 2004
Page 3

In addition, JPQ is still withholding approximately $200,000 in Goettle's retainage as a result of the insurance claim on the International Order of Oddfellows ("IOOF") building. As I understand, the insurance claim is being negotiated between Goettle's insurance carrier and IOOF's insurance company, but JPQ should not withhold Goettle's retainage while the two insurers resolve which company should pay. Therefore, JPQ should release Goettle's retainage to it.

I assume that you are also aware of the significant amount of documentation which has been exchanged among Goettle, JPI and The Donahue Company. A review of this documentation reveals that JPQ, JPI as JPQ's construction manager, The Donahue Company as JPQ's and JPI's consultant and agent, as well as Jones/Tompkins, acknowledge that Goettle is entitled to some money for the financial losses which it has suffered on this Project. The only question which remains is the amount of money which Goettle should be compensated for its losses.

Goettle would like to sit down with representatives of JPQ, JPI and The Donahue Company to discuss resolution of these longstanding claims, as well as payment of Goettle's retainage, which exceed $1.1 million. As you can see, I have sent a copy of this letter to John Donahue of The Donahue Company. Goettle would prefer not to be forced to resort to its legal remedies to be compensated for its losses; so please contact me so that we can coordinate a meeting to seriously negotiate Goettle's claims.

Sincerely,

GRAYDON HEAD & RITCHEY LLP

By: _____
William G. Geisen

WGG/kl
c:  Douglas J. Keller, P.E.
    Brian Heck
    John Donahue

23863.1