


21066
OCT 0 4 2002
J.A. JONES/TOMPKINS BUILDERS

October 3, 2002

J.A. Jones/Tompkins Builders
The Jefferson @ Penn Quarter
443 7th Street, N.W.
Washington, D.C. 20004

Attn:   Mr. Mark Laudo
        Project Executive

Re:     The Jefferson at Penn Quarter
        Square 457-C/Earth Retention System

Subj:   **Equitable Contract Adjustment**

Gentlemen:

Enclosed herewith are depictions of a planned versus as-built schedule information, production summaries, work sequence comparisons and photographs in support of our request for an equitable contract adjustment. Based upon upfront delays and non-sequential work, our position remains unchanged, and that is that, our planned sequence was vital in that it allowed us to control the support for the perimeter of the site while balancing, or leveling the site to allow a corkscrew and sequential flow of work down to subgrade.

As stated in previous correspondence, Richard Goettle, Inc., (RGI), submitted a quotation to design and build the earth retention system for the Jefferson @ Penn Quarter Project. In January 2001, we were issued a letter of intent to commence with the design portion of the work on an accelerated basis. The intent was to finalize the earth retention design immediately in recognition of the extensive review requirements of WMATA, and the District of Columbia. At this point and time, construction was anticipated to begin in early April of 2001.

Throughout much of 2001, considerable time was spent on design review, and redesign of the earth retention system. Additionally, a careful analysis of the project was made while developing a construction sequence, schedule and means and methods necessary for the installation of the earth retention system. RGI's correspondence of December 5, 2001, stated that in order for the project to be successful for all participants, it would be absolutely necessary to have the complete site available once we mobilized. This did not happen. The result was partial work at numerous small locations scattered throughout the site. A sequential order or flow to our work was paramount in completing the work within the time duration stipulated in our contract.

The Jefferson at Penn Quarter
Equitable Contract Adjustment
October 3, 2002



21066

J.A. JONES/TOMPKINS BUILDERS

Our work was critical in controlling the schedule and cost to perform the work. In general, our sequence was planned as follows:

| Activity | Sequence |
|---|---|
| Pile Installation | Pile 34 – 54 |
|  | Pile 1 – 13 |
|  | Pile 14 – 33 |
|  | Pile 144 – 317 |
|  | Pile 80 – 127 |
|  | Pile 55 – 79 |
|  | Pile 128 – 143 |
| Tieback Installation | Pile 34 – 79 |
|  | Pile 1 – 13 |
|  | Pile 80 – 127 |
|  | Pile 145 – 319 |
|  | Pile 14 - 33 |

We proceeded responsibly although under protest when we mobilized to the site when requested, even though we were concerned about the unknowns and site conditions, particularly the lack of progress with the demolition and façade support work. Even a cursory review of the nonsequential soldier pile installation indicates a radical departure from what was planned.

During this period of time, virtually all the disruptions to our work were beyond our control. We did, however, incur some minor delays while installing soldier piles when we changed material suppliers. Keep in mind that if the work had been available as planned and promised, our supplier would have responded to our needs responsibly. As a result of the piecemeal fashion in which we were forced to perform the work, we were unable to maintain flow and continuity with our work which resulted in a disgruntled supplier.

We supported this project from the onset, and rescheduled the work patiently while we were parked on "go" for approximately one year. The delays were a result of issues within the realm of responsibility of Tompkins and the owner. We predicted that a premature or false start prior to the completion of demolition would result in extra cost and time to perform the work. In mid April, we targeted a completion date of July 2, 2002. We were substantially completed by July 19th and completely off site by July 24th, approximately 3 weeks after a target date which was generated 2 ½ to 3 months earlier.

We acknowledge that we had our own issues in late April and through the completion of tiebacks. Out of 550+ tiebacks, we had approximately 50 failures. Had site access been as

The Jefferson at Penn Quarter
Equitable Contract Adjustment
October 3, 2002

planned, and the work sequence not so disjointed, the impact of 10% of the tiebacks failing would not even remotely be as problematical as they were. Please keep in mind that RGI has expended 4300 man-hours of overtime with an average crew size of 27 men which translates into an additional 4 weeks of effort from mid-March thru mid-July. In addition to the straight time expense which was considerable, we incurred $56,000 in purely the premium cost of overtime.

As you are aware, this has been a difficult job for all project participants. We have incurred approximately 7 weeks of extra cost over and above what we have requested herein (See Item 4). Moreover, we performed the work in mid winter versus a spring start approximately 1 year later than anticipated without compensation for cost escalation.

We regret the situation with the I.O.O.F. Building, but we are actively pursuing a resolution with the owner through remedial and/or corrective work. We appreciate your help and the help which JPI has extended to us in this regard.

We have been pursuing an equitable adjustment to our contract for approximately 7 months now. Our costs exceed our contract value by nearly 50%. We are respectfully requesting an increase to our contract of approximately 17%. We feel as if we have owed up to our issues, and we trust that Tompkins and the owner will review the enclosed information with the understanding and acknowledgement that we did not abandon the project, but rather we did what we could, given the circumstances, to complete a very difficult project as quickly as possible.

We look forward to bringing an administrative resolution to this issue in the near future.

If you should have any questions or concerns, please do not hesitate in contacting the undersigned.

Sincerely,

**RICHARD GOETTLE, INC.**

Terry Tucker
President

/bt

Enclosures



21066
RECEIVED
OCT 0 4 2002
J.A. JONES/TOMPKINS BUILDERS