**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MANGANARO CORP.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 04-2133 (GK) |
| | ) |
| **JEFFERSON AT PENN QUARTER, L.P.,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, Manganaro Corporation, brings this suit alleging breach of contract against Defendant Jefferson at Penn Quarter, L.P. This matter is before the Court on Defendant's Motion to Dismiss or Transfer. Upon consideration of the Motion, Opposition, Reply, Sur-Reply, and the entire record herein, and for the reasons stated below, Defendant's Motion to Dismiss is **denied**, and its Motion to Transfer is **granted**. Accordingly, this case shall be transferred to the United States District Court for the Eastern District of Virginia.

## I. BACKGROUND[1]

Defendant is the owner of the Jefferson at Penn Quarter Project ("Project"), located in Washington, D.C.. On August 29,

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Therefore, unless otherwise noted, the facts set forth herein are taken from Plaintiff's Complaint.

2001, J.A. Jones/Tompkins Builders, Inc. ("Tompkins") entered into a contract ("Prime Contract") with Defendant to provide certain construction labor, work, materials and services as general contractor for the Project. Def.'s Mot. at 1; Pl.'s Sur-Reply at 1. The Prime Contract's forum selection clause states that "venue for any action arising out of a breach of this Agreement or relating to the Project shall be in Fairfax County, Virginia."[2] Def.'s Mot., Ex. 2, Art. IX, § P.

On April 30, 2002, Plaintiff entered into a construction subcontract ("Subcontract") with Tompkins to provide work and services for the Project.[3] Compl. ¶ 5. The Subcontract's forum selection clause states:

> [a]ny suit, action or proceeding permitted under this Subcontract and initiated by one of the parties hereto against the other on any matters whatsoever arising out of or in connection with this Subcontract shall be filed and maintained in state or federal court nearest the Project site or, at the initiating party's option, in state or federal court nearest the responding party's principal offices . . . .

Def.'s Mot., Ex. 1, ¶ 27(g). As noted above, the Project is located in Washington, D.C., and according to Plaintiff's

---

[2] The United States District Court for the Eastern District of Virginia, the court to which Defendant moves to transfer, is located in Fairfax County, Virginia.

[3] On a motion to dismiss, the Court may properly consider a contract referred to in a complaint and central to a plaintiff's claim, even though the plaintiff failed to attach a copy of the contract. See Jacobsen v. Oliver, 201 F. Supp. 2d 93, 110 (D.D.C. 2002); Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999).

Complaint, the Defendant's principal offices are located in Virginia.[4]  Compl. ¶ 2.

The Subcontract also specifies that the "Subcontractor shall be bound by all the terms of the [Prime] Contract . . . and all such terms, obligations and provisions of the [Prime] Contract are hereby inserted and incorporated into this Subcontract as fully as though copied herein."  Def.'s Mot., Ex. 1, ¶ 1.

Sometime after April 30, 2002, Tompkins defaulted on the Prime Contract with Defendant and was terminated for default.  See Compl. ¶ 6; Def.'s Mot. at 1.  Thereafter, Defendant advised Plaintiff that it was exercising its right under the Subcontract to be assigned the rights and duties of Tompkins.  Compl. ¶ 6.  After Tompkins defaulted and the Subcontract was assigned to Defendant, Plaintiff ultimately completed its obligations under the Subcontract.  Id. ¶ 7.

Plaintiff brings this suit against Defendant for breach of contract.  Specifically, Plaintiff alleges that "[Defendant], as assignee, became liable to [Plaintiff] for the obligations to pay [it] in accordance with the terms of the [] Subcontract," and "[i]n violation of its obligations, [Defendant] has failed and refused to make the payments required."  Id. ¶¶ 7-8.

---

[4] The Complaint does not indicate where within Virginia Defendant's principal offices are located.  However, according to Defendant's Reply, the principal offices are located in Fairfax County.  Def.'s Reply at 3.

3

On January 30, 2004, Defendant filed the instant Motion to Dismiss or Transfer (to the United States District Court for the Eastern District of Virginia), under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. Section 1406(a)[5].

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12, a complaint should not be dismissed unless the "'plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Browning, 292 F.3d at 242 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss, a court must "accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'gran[ting] plaintiff[] the benefit of all inferences that can be derived from the facts alleged.'" Browning, 292 F.3d at 235 (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

For a motion to transfer, 28 U.S.C. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

---

[5] 28 U.S.C. Section 1406(a) provides for dismissal or transfer of a lawsuit filed in an improper forum. However, 28 U.S.C. Section 1404(a), which provides for transfer based mainly on "convenience," is the proper provision under which to bring motions to transfer based on a forum selection clause. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31-32 (1988); 2215 Fifth St. Assocs. v. U-Haul Int'l, Inc., 148 F. Supp. 2d 50, 57-58 (D.D.C. 2001); Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp., 855 F. Supp. 627, 630 (S.D.N.Y. 1994). In any event, the court's analysis for a motion to transfer is the same under section 1404(a) and section 1406(a).

to any other district or division where it might have been brought." Section 1404(a) vests "discretion in the district court[] to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart, 487 U.S. at 27 (internal citation omitted). The moving party bears the burden of establishing that the transfer of the action to another federal district is proper. See Shenandoah Assoc. Ltd. P'ship v. Tirana, 182 F. Supp. 2d 14, 25 (D.D.C. 2001).

### III. ANALYSIS

Defendant claims that this action should be dismissed or transferred to the United States District Court for the Eastern District of Virginia because "the Prime Contract, as incorporated by reference into the Manganaro Subcontract, contains a forum selection clause selecting Fairfax County, Virginia as the proper venue for suits related to the Project." Def.'s Mot. at 2.

Plaintiff argues that its action "is based upon [Defendant's] actions as the replacement general contractor for Tompkins and [Defendant's] status as assignee of the Subcontract between [Plaintiff] and Tompkins." Pl.'s Sur-Reply at 2. "Accordingly, once the Prime Contract was terminated, and [Plaintiff] assumed [Tompkins's] obligations under the Manganaro/[Tompkins] Subcontract, the venue provisions of the Subcontract controlled,

not the provisions of the . . . terminated prime contract . . . ." Pl.'s Opp'n at 4.

### A. The Express Language of the Contracts Requires Transfer to Fairfax County, Virginia

Under general contract law, the plain and unambiguous meaning of an instrument is controlling, and the Court determines the intentions of the parties from the language used by the parties to express their agreement. United States v. Baroid Corp., 346 F. Supp. 2d 138, 142-43 (D.D.C. 2004) (citing WMATA v. Mergentime Corp., 626 F.2d 959, 961 (D.C. Cir. 1980); Lucas v. U.S. Army Corps of Eng'rs, 789 F. Supp. 14, 16 (D.D.C. 1992) ("Intent is construed by an objective standard and evidenced from the words of the contract itself."); Quadros & Assocs., P.C. v. City of Hampton, 597 S.E.2d 90, 93 (Va. 2004) ("the guiding light . . . is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares.") (internal citations omitted).

It is also well-settled that an assignee of a contract stands in the shoes of the assignor and acquires the same rights and liabilities as if he had been an original party to the contract. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Riggs Nat'l Bank of Washington, D.C., 5 F.3d 554, 556 (D.C. Cir. 1993) ("District of Columbia law establishes the general rule that all claims are freely assignable, and permits the assignee to stand in the same

position as the assignor."); Pollard & Bagby, Inc. v. Pierce Arrow, L.L.C., III, 521 S.E.2d 761, 763 (Va. 1999).  Therefore, after being assigned Tompkins' rights under the Subcontract, Defendant acquired the same rights and liabilities as if it had been an original party to the Subcontract.

The instant Subcontract states clearly that "Subcontractor shall be bound by all the terms of the [Prime] Contract . . . and all such terms, obligations and provisions of the [Prime] Contract are hereby inserted and incorporated into this subcontract as fully as though copied herein."  Def.'s Mot., Ex. 1 ¶ 1.  According to the Prime Contract, Plaintiff must litigate "any action arising out of a breach of this Agreement or relating to the Project," in Fairfax County, Virginia.  Def.'s Mot., Ex. 2, Art. IX, § P. Through the assignment, Defendant acquired the right to enforce these provisions against Plaintiff.

Plaintiff claims that since the Prime Contract was terminated, the venue provisions of the Subcontract control.  Pl.'s Opp'n at 4. However, the fact that the Prime Contract was terminated is legally irrelevant.  What matters is that Plaintiff intended, at the time the Subcontract was entered into, to be bound by all the terms of the Prime Contract, including its forum selection clause.

In addition, as Defendant points out, the Subcontract itself states:

> If any such claim or dispute as to which notice is given
> by the Subcontractor as above provided involves any

> aspect of the [Prime] Contract or the correlative rights and duties of the Owner as defined therein then Subcontractor's rights as to such dispute or claim shall be determined solely by applicable provisions of such [Prime] Contract, including any dispute provisions thereof.

Def.'s Mot., Ex. 1, ¶ 24.

Article V, Paragraph (f) of the Prime Contract relates to the payment of subcontractors. Thus, the present dispute involves "any aspect of the [Prime] Contract." In addition, this lawsuit is based on the duties of the Owner, Defendant, to pay Plaintiff for the work it completed. Therefore, the "Subcontractor's [Plaintiff's] rights . . . shall be determined solely by applicable provisions of such [Prime] Contract, including any dispute provisions thereof." Accordingly, Plaintiff must litigate its case in Fairfax, VA, the venue specified within the Prime Contract.

**B.   Any Ambiguity Between the Contracts Must Be Resolved In Favor of Transfer to Fairfax County, Virginia**

In addition, even if the Court were to assume that the forum selection clauses in the Subcontract and the Prime Contract conflict, venue would still be appropriate in the Eastern District of Virginia. The Subcontract states: "[t]his Subcontract and the Contract Documents are intended to supplement and compliment each other and shall where possible be thus interpreted. If, however, any provision of the Subcontract irreconcilably conflicts with a provision of the Contract Documents, the provision imposing the

greater duty on the Subcontractor shall govern." Def.'s Mot., Ex. 1, ¶ 27(c).

Both the Prime Contract and the Subcontract contemplate venue lying in the Eastern District of Virginia. Only the Subcontract contemplates venue lying in Washington, D.C.. Therefore, in order to allow the contracts to "supplement and compliment" each other, the case must be transferred to the Eastern District of Virginia.

**C.   All Other Considerations Render Transfer to Fairfax County, Virginia Appropriate**

As Plaintiff points out, a forum-selection clause in a contract is not the sole factor for a court to consider on a motion to dismiss or transfer.[6] Pl.'s Sur-Reply at 2-3. In Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. at 29-30, the Supreme Court noted that in deciding a motion to dismiss or transfer "the presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus," but that the district court should also consider issues such as "convenience," "the fairness of the transfer in light of the forum-selection clause," "the parties' relative bargaining power," and

---

[6] Plaintiff's reliance on Byrd v. Admiral Moving & Storage, 355 F. Supp. 2d 234 (D.D.C. 2005) is totally misplaced. Not only is that case distinguishable on the facts, but Judge Huvelle merely held that the forum selection clause only established that it was possible for venue to lie in two jurisdictions, as is true in this case. After analyzing the § 1404(a) factors which were, as noted, very different from those presented here, she concluded that "defendant has supplied no valid reason for overriding plaintiff's choice of forum . . . ." Id. at 239. That is not the case here.

"those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Consideration of these factors yields a result consistent with the Prime Contract's forum-selection clause.

Plaintiff does not make any argument that transfer to the Eastern District of Virginia would cause inconvenience or other harm.  Considering the geographic proximity of both courts, it would make no sense that one forum would be any more convenient than the other.  There is likewise no indication that the parties were of unequal bargaining power at the time they entered into the contracts, or that transferring the case would be unfair to either party.

Therefore, because the contractual provisions require litigation of the matter in Fairfax County, Virginia, and because Plaintiff has provided no public interest factor or reason of inconvenience to the contrary, Defendant's Motion to Dismiss or Transfer must be granted.

**IV. CONCLUSION**

For all the foregoing reasons, Defendant's Motion to Dismiss is **denied**, and its Motion to Transfer is **granted**.  Accordingly, this case will be transferred to the United States District Court for the Eastern District of Virginia.

An Order will issue with this opinion.

August 8, 2005                                     /s/
                                        Gladys Kessler
                                        U.S. District Judge

**Copies to**:  **Attorneys of record via ECF**

11