IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RICHARD GOETTLE, INC.

     Plaintiff,

     v.

JEFFERSON AT PENN
QUARTER, L.P.
     Defendant.

Civil Action No. 1:06 cv-01433-EGS

_____/

**PLAINTIFF RICHARD GOETTLE, INC.'S MEMORANDUM AND POINTS OF
AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, Richard Goettle, Inc., and pursuant to Local Rule

56.1, submits this Memorandum and Points of Authorities in Opposition to

Defendant's Motion to Dismiss and/or Motion for Summary Judgment:

**I.**     **Introduction**

This matter comes before the Court on Defendant's Motion to Dismiss for

failure to state a cause of action and for improper venue, and in the alternative,

Motion for Summary Judgment or Motion to Transfer Venue to the Eastern

District of Virginia.  At the outset, this case should be remanded to state court

because of Defendant's failure to properly plead federal court diversity

jurisdiction.  In its Notice of Removal, Defendant states that "Jefferson at Penn

Quarter, L.P., at the time this action was commenced, was and still is a Delaware

1

limited partnership, whose general partner is Apartment Community Realty, L.L.C., a Delaware limited liability company." For the purpose of diversity, the citizenship of a limited partnership is determined by considering the citizenship of all of its partners, both general and limited. As such, if even one limited partner is a citizen of the same jurisdiction as the plaintiff, this action must be remanded to state court for lack of diversity jurisdiction. Plaintiff has failed to plead the necessary information, and thus Defendant asks that should this matter not be transferred to Virginia, that it be remanded back to state court for adjudication.

The second major issue presented is that Plaintiff does not oppose this case being heard in Fairfax County, Virginia. In fact, Plaintiff informed counsel for the defendant that it would agree to invoke Fed. R. Civ. P. 41(a) and take a voluntary dismissal without prejudice of this action in order to re-file it in Virginia. [1] This would avoid this Court having to decide the myriad of other issues Defendant has presented in its motion. This was similar to the course of action employed by Judge Kessler of this very Court in a similar case involving the same project.[2] While Defendant cites to the contract provision providing that any suit should be prosecuted in Fairfax County, Virginia, it completely ignores the other half of that same provision, which provides that any dispute will be governed by

---

[1] Plaintiff notes that if it were to take a Rule 41(a) voluntary dismissal of this matter, it would only do so if it were agreed that the date in which the action was filed in the District of Columbia would be considered the date that the Virginia action would be deemed filed.

[2] See Manganaro Corp. v. Jefferson at Penn Quarter, L.P., case number L:04CV02133 GK

the substantive laws of Virginia. Defendant proceeds to base its Motion to Dismiss and Motion for Summary Judgment entirely on District of Columbia case law, even though it concedes that such law does not apply.

The final major issue presented is that while styling this action as "Motion to Dismiss," Defendants also attach documents, including letters and other correspondence outside of the actual contract entered into by Goettle.  The inclusion of these letters is inappropriate in a Motion to Dismiss, and Plaintiff has not had the opportunity to conduct any discovery as to Defendant, which it has the right to do under the rules.  As has been stated, "when a 12(b)(6) motion is converted into a motion for summary judgment, all parties must be given the reasonable opportunity to present all material made pertinent to such a motion by Rule 56.  Furthermore, it is settled that the term "reasonable opportunity" includes the opportunity to pursue "reasonable discovery."  First Chicago International v. United Exchange Co., 267 U.S. App. D.C. 27, 836 F.2d 1375, 1380-81 (D.C. Cir. 1988).  Discovery is still outstanding in this case, and as such, a motion for summary judgment is inappropriate.

Despite these circumstances, Plaintiff will respond to Defendant's attacks on Plaintiff's claims.  Moreover, not only has Plaintiff stated a claim for a cause of action, but there are numerous genuine issues of material fact in dispute, with the most fundamental being when the work on the contract was ongoing and when it was completed.  Defendant's Motion to Dismiss for failure to state a cause of

action and/or Motion for Summary Judgment should be denied.

## II.    Background

Richard Goettle, Inc. ("Goettle") is engaged in the business of providing commercial construction engineering, earth retention and related services to projects across the United States. In January, 2001, Jefferson at Penn Quarter ("JPQ") directly advised Goettle that it would enter into a contract with Goettle to perform earth retention work, labor and other construction services to the Jefferson at Penn Quarter project located at 616 E Street NW in Washington, D.C. Defendant is the owner of such project. JPQ then assigned the general contract work for the project to J.A. Jones/Tompkins Builders, Inc. ("Tompkins") as general contractor for the construction of the project. Tompkins then entered into a subcontract with Goettle to perform earth retention work on the project.

Paragraph 13 of the subcontract between Goettle and Tompkins required Goettle to hold Defendant harmless with regards to any damages which Goettle's work might cause to the adjacent building owned and operated by the International Order of Odd Fellows (IOOF). (See Attached Pertinent Section of Subcontract of Tompkins and Goettle). As there was underpinning, sheeting, and shoring being conducted, there was a risk of damage to the other buildings that both parties recognized. IOOF made a claim against Defendant alleging that the work of Goettle on the project caused damage to the adjacent buildings owned by IOOF. (See Attached Affidavit of Brian Heck Attached). In light of its obligations

4

under paragraph 13 of the subcontract, Goettle retained E.J. Construction

Engineering (E.J. Construction) to assist with repairs to the damage at the

adjacent building, 419 7th Street NW in Washington, D.C. (See Attached

Subcontract of Goettle and E.J. Construction and Affidavit of Goldie Jones).

Pursuant to its subcontract with Goettle, E.J. Construction provided services to

remedy and repair damage to the IOOF building up to and including July, 2004.

Goettle was providing ongoing work under the contract as well. (See Attached

Affidavit of Goldie Jones). The complaint in this matter was filed on July 6, 2006.

### III.    Legal Standards of Review

#### A.    Motion to Dismiss Standard

For purposes of deciding a motion to dismiss, a complaint should not be

dismissed unless the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief. Browning v. Clinton, 352 U.S. App. D.C. 4, 292

F.3d 235, 242 (D.C. Cir. 2002). In deciding a motion to dismiss, a court must

accept the plaintiff's factual allegations as true and construe the complaint

liberally, granting plaintiff the benefit of all inferences that can be derived from

the facts alleged. Id. at 235.

#### B.    Summary Judgment Standard

In considering a motion for summary judgment, the "evidence of the non-

movant is to be believed, and all justifiable inferences are to be drawn in his

favor." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S. Ct. 2505

(1986). The non-moving party is "required to provide evidence that would permit

a reasonable jury to find" in its favor. <u>Laningham v. United States Navy</u>, 259 U.S.

App. D.C. 115, 813 F.2d 1236, 1242 (D.C. Cir. 1987). Ultimately, a court must

determine "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." <u>Anderson</u>, 477 U.S. at 251-52.

## IV.    Argument and Citation to Authorities

### A.    Defendant Has Failed to Properly Plead Federal Court Jurisdiction, and as such, This Matter Should Be Remanded

This case should be remanded to state court because of Defendant's

failure to properly plead federal court diversity jurisdiction. In its Notice of

Removal, Defendant states that "JPQ, at the time this action was commenced,

was and still is a Delaware limited partnership, whose general partner is

Apartment Community Realty, L.L.C., a Delaware limited liability company." See

Def. Notice of Removal.

For the purpose of diversity, the citizenship of a limited partnership is

determined by considering the citizenship of <u>all</u> of its partners, both general and

limited. <u>See</u> <u>Carden, et. al. v. Arkoma Associates</u>, 494 U.S. 185, 110 S. Ct. 115

(1990); <u>New York State Teachers Retirement System v. Kalkus</u>, 764 F.2d 1015,

1019 (4th Cir. 1985); <u>See also</u> <u>Contreras v. Thor Norfolk Hotel, L.L.C.</u>, 292

6

F.Supp.2d 794, 797-98 (E.D. Va. 2003) (applying same principles regarding diversity citizenship found in Carden to limited liability companies as well). As such, if even one limited partner is a citizen of the same jurisdiction as the plaintiff, this action must be remanded to state court for lack of diversity jurisdiction. Plaintiff has failed to plead the necessary information, and thus Defendant asks that should this matter not be transferred to Virginia, that it be remanded back to state court for adjudication.

**B. Goettle Has No Objection to this Case Being Dismissed Without Prejudice and Refiled in Fairfax County, Virginia, as the Contract Provides that Fairfax County Will Be Used as the Forum for Disputes and that Virginia Law Will Apply to Any Dispute.**

As was stated above, Goettle does not oppose the dismissal of this case in order for it to be refiled in Fairfax County, Virginia. In fact, Plaintiff informed counsel for the defendant that it would agree to such an action. Plaintiff has also offered to invoke Fed. R. Civ. P. 41(a) and take a voluntary dismissal of this action in order to re-file it in Virginia. [3] This was the course of action employed by Judge Kessler of this very Court in a similar case involving the same project.[4] Defendant implicitly acknowledges this in its motion as Defendant cites to the contract provision providing that any suit should be prosecuted in Fairfax County,

---

[3] Plaintiff notes that if it were to take a Rule 41(a) voluntary dismissal of this matter, it would only do so if it were agreed that the date in which the action was filed in the District of Columbia would be the date that the Virginia action would be deemed filed.

[4] See Manganaro Corp. v. Jefferson at Penn Quarter, L.P., case number L:04CV02133 GK

Virginia.  Such provision, Section P of the Prime Owner/Contractor Agreement, which is applicable to Goettle, states as follows:

> "This Agreement is being executed and delivered in the State of Virginia, and the substantive laws of the jurisdiction shall govern the validity, construction, enforcement, and interpretation of this Agreement unless the laws of another jurisdiction require the application of the laws of such jurisdiction.  The parties hereto agree that venue for any action arising out of a breach of this Agreement or relating to this project shall be in Fairfax County, Virginia."

Under general contract law, the plain and unambiguous meaning of an instrument is controlling, and the Court determines the intentions of the parties from the language used by the parties to express their agreement.  United States v. Baroid Corp., 346 F.Supp.2d 138, 142-43 (D.D.C. 2004) (citing WMATA v. Mergentine Corp., 200 U.S. App. D.C. 95, 626 F.2d 959, 961; (D.C. Cir. 1980).  As such, Goettle has no objection to this matter being heard in Fairfax County and believes the law of Virginia applies to this matter.

### C. Defendant's Statute of Limitations Argument Must Fail as the Complaint was Timely Filed as Goettle's Obligations Under the Contract to the Project Did Not End Until at Least July of 2004.

The heart of Defendant's Motion to Dismiss for failure to state a cause of action and/or Motion for Summary Judgment is that Goettle's claim was untimely filed.  In the District of Columbia, an action for breach of contract must be filed within a three-year time frame.  D.C. Code §12-301.  In Virginia, an action for breach of an unwritten or implied contract must be filed in three years; for a written contract, the limitations period is five years.  Va. Code Ann. §8.01-246.

8

The three-year statute of limitations also applies to unjust enrichment actions. Tao of Sys. Integration v. Analytical Servs. & Materials, Inc., 299 F.Supp.2d 565, 576 (E.D. Va. 2004); Brown v. Harms, 467 S.E.2d 805, 807 (1996).

Goettle filed its complaint on July 6, 2006, and as such, its claim must have accrued on or after July 6, 2003. The pertinent document at issue is the subcontract in which Goettle's obligations were set forth as to the project in dispute. Paragraph 13 of the subcontract between Goettle and Tompkins required Goettle to hold Defendant harmless with regards to any damages which Goettle's work might cause to the adjacent building owned and operated by the International Order of Odd Fellows (IOOF). (See Subcontract of Goettle/Jones Tompkins). As there was underpinning, sheeting, and shoring being conducted, there was a risk of damage to the other buildings that both parties recognized. Should damage result, Goettle had an obligation under the contract to take the appropriate steps to remedy the situation.

IOOF made a claim against Defendant alleging that the work of Goettle on the project caused damage to the adjacent buildings owned by IOOF. (See Affidavit of Brian Heck). In light of its obligations under paragraph 13 of the subcontract, Goettle retained E.J. Construction Engineering (E.J. Construction) to assist with repairs to the damage. (See Attached Subcontract of Goettle and E.J. Construction). Goettle is underwriting the subcontracts to repair the damage. Pursuant to its subcontract with Goettle, E.J. Construction provided services to

9

remedy and repair damage to the IOOF building up to and including July, 2004. (Affidavit of Brian Heck).

Defendant cites to a letter in which Goettle's President states that it was off site by July 24, 2002. Def. Mot. at 5. However, as paragraph 13 of the subcontract states, Goettle's obligations extended far beyond the earthwork services being performed at the original building site, and required Goettle to undertake work that was off-site as well in order to meet its contractual obligations. This ongoing work at the project was a significant portion of the subcontract entered into by Goettle. Defendant also fixates on a letter from an attorney representing Goettle in January of 2004, again demanding payment for work. Def. Mot. at 6. This is but one of many demands for payment from JPQ, as Defendant has never paid Goettle for any of its work on the project. Compl. ¶ 31-34.

Defendant essentially seeks to have it both ways. On the one hand, Defendant is adamant that Goettle's time for filing suit had run because it had allegedly finished the direct on-site work by July 24, 2002. However, Defendant effectively ignores the rest of the contract, which requires Goettle to contract and undertake work for any damages to the neighboring buildings that resulted from the project. Clearly, the obligations Defendant placed on Goettle went far beyond the basic work performed. In fact, one of the major risks of such type of work is that buildings either involved in the project or adjacent to the project will be

10

damaged by the movement and shifting of the earth in the immediate and surrounding area.

The complaint in this matter was filed on July 6, 2006, and as such, was filed nearly a year before the statute of limitations had run. Moreover, the dispute between the parties regarding the statute of limitations reveals a fundamental dispute of fact in this matter, being when the obligations and work under the contract were completed. Defendants claim regarding the statute of limitations must be denied.

**D.    Defendant is Not Entitled to Summary Judgment on Goettle's Claim for Damages Resulting From Delay as Several Material Issues of Fact Exist That Must Be Tried.**

In its Motion, Defendant further states that Goettle is prohibited from recovering damages for delay because of exclusionary language in the subcontract. Specifically, Defendant cites to language in ¶ 7 of the Subcontract that states that the subcontractor shall not be entitled to damages ... except to the extent that the Contract entitled Contractor (Tompkins) to compensation, and therefore and then only to the extent ... that Contractor, on behalf of Subcontractor, recovers from the Owner for such delays and interference. Def. Mot. at 8. Defendant admits, as shown above, that Goettle would be entitled to damages if the Contractor, Tompkins, had the right to recover such damages. At the very least, a factual issue exists as to the damages that Tompkins was owed by JPQ, and thus what damages Goettle is entitled to from JPQ. Defendant does

11

not even know what amount is payable to Goettle as there were still ongoing issues with the project, namely the claim of the IOOF for property damage to the adjacent building, for which Goettle was required to repair and hold harmless Defendant by the terms of Goettle's contract regarding the project. (See Affidavit of Brian Heck).

E.    **Goettle is Not Required to Allege a Written Contract Under Virginia Law in Order to Sustain a Cause of Action Against Defendant.**

Defendant relies on D.C. Code §40-303.19 and states that Goettle is barred from recovery under the contract because it did not have a written agreement between itself and the owner. Def. Mot. at 9. However, as Defendant admits in its argument regarding the transfer of venue to Virginia, it is not the substantive law of the District of Columbia that applies to this matter but that of the Commonwealth of Virginia. As Virginia has no statutory or common law requirement of the kind imposed by District of Columbia law requiring a written contract, the contract such as the one in dispute in this matter is sufficient to withstand Defendant's motion, and thus Defendant's argument is without merit. See Marine Dev. Corp. v. Rodak, 300 S.E.2d 763 (Va. 1983).

F.    **Goettle is Owed Total Retainage of Nearly Two-Hundred Thousand Dollars ($200,000.00) By JPQ For Work Performed Pursuant to the Contract**

Goettle is owned nearly $200,000.00 in retainage from JPQ as on the project. From the monies owed to Goettle for service and materials it provided to

the project, Tompkins withheld from Goettle an amount equal to 10% of the
amount owed for a total retainage withheld of $196,950.00. (See Affidavit of
Brian Heck). In turn, Defendant JPQ withheld from Tompkins as retainage the
same amount which Tompkins owed to Goettle for services and materials
provided on the project. (See Affidavit of Brian Heck). Tompkins was terminated
from the project and was not paid the money which is was due. As Goettle's
subcontract with Tompkins provided that such retainage was not due from
Tompkins until after Tompkins received payment from Defendant, such monies
were not yet due and payable to Goettle from Tompkins. After Defendant
terminated Tompkins from the project, Goettle demanded payment from
Defendant. Defendant acknowledges that it at least owes some of the money,
but has refused payment to Goettle. (See Affidavit of Brian Heck). Goettle has
stated a cause of action for the claim of this money and the issue is not ripe to be
decided on summary judgment.

**G.    Goettle has Properly Pled a Claim for Negligence and Unjust
        Enrichment**

Goettle has properly pled a claim for negligence and unjust enrichment.
For the reasons stated above, Defendant's arguments on these matters with
regard to the statute of limitations should be denied. In regards to Goettle's
negligence claim, Defendant once again erroneously relies on District of
Columbia law in an attempt to discredit Plaintiff's allegations.

13

Defendant once again relies on District of Columbia case law to support its claim and cites to decisions that trumpet "principles of equity and fairness." Def. Mot. at 12. However, Defendant misstates the record when it attacks Goettle's claim of unjust enrichment. In fact, Defendant claims that Goettle's allegations would required JPQ to "pay twice for the value of Goettle's work" and that Goettle should "look first and foremost to their general contractor for payment." Def. Mot. at 12-13. However, from the monies owed to Goettle for service and materials it provided to the project, Tompkins withheld from Goettle an amount equal to 10% of the amount owed for a total retainage withheld of $196,950.00. (See Affidavit of Brian Heck). In turn, Defendant withheld from Tompkins as retainage the same amount which Tompkins owed to Goettle for servics and materials provided on the project. (See Affidavit of Brian Heck). Tompkins <u>never</u> paid Goettle said amount and was <u>never</u> paid by Defendant, JPQ, the money that was retained for the work performed by Goettle on the project. (See Affidavit of Brian Heck). Unjust enrichment is recognized in Virginia as an action which lies "where one has the money of another which he has no right to retain, but which he should pay over to the other." <u>Rinehart v. Pirkey</u>, 101 S.E. 354 (Va. 1919); <u>See also</u> <u>J.P. Holland Enterprises, Inc. v. J.P. Mascaro & Sons, Inc.</u>, 653 F.Supp. 1242 (E.D. Va. 1987).

Despite demand made by Goettle to Defendant, the monies have never been paid to either Tompkins or Goettle. Defendant now claims that it does not

14

owe *any* of the monies to Goettle, despite the fact that Defendant has advised

Goettle that it would not know what amount was payable to Goettle until after the

claim of the IOOF for the property damage to the adjacent building was resolved.

(See Affidavit of Brian Heck).  Goettle has properly alleged a claim for unjust

enrichment as Defendant has wrongfully withheld monies due to Goettle for its

work on Defendant's project.  At the very least, this question is a dispute of a

material fact, and thus precludes summary judgment on this issue.

## V.    Conclusion

For the reasons set forth above, this Court should deny the Defendant's

motion for summary judgment.

Respectfully submitted,
**RICHARD GOETTLE, INC.**
By Counsel


TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030-0022
(703)385-1000 Telephone
(703)385-1555 Facsimile

_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
*Counsel for Plaintiff Richard Goettle, Inc.*
Shorvath@vadctriallaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2006, I electronically filed Plaintiff's **Opposition to Defendant's Motion to Dismiss and/or Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to:

>Jeffrey G. Gilmore, Esquire
>Akerman Senterfitt Wickwire Gavin
>8100 Boone Boulevard
>Suite 700
>Vienna, Virginia 22182
>*Counsel for Jefferson at Penn Quarter, L.P.*
>jeff.gilmore@akerman.com
>
>Joseph M. Sullivan, Esquire
>The Law Offices of Joseph M. Sullivan
>4010 University Drive
>Suite 102
>Fairfax, Virginia 22030
>*Counsel for Jefferson at Penn Quarter, L.P.*
>jmspc@aol.com

Stephen A. Horvath