IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RICHARD GOETTLE, INC.

    Plaintiff,

v.

JEFFERSON AT PENN
QUARTER, L.P.
    Defendant.

Civil Action No. 1:06 cv-01433-EGS

_____/

## PLAINTIFF RICHARD GOETTLE, INC.'S OPPOSITION TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

COMES NOW Plaintiff, Richard Goettle, Inc., and pursuant to Local Rule 56.1, submits this Opposition to Defendant's Statement of Material Facts as to which there is no genuine issue to be tried.

1. <u>In Response to #4</u>, Plaintiff admits that it was scheduled to finish the on-site work on the project within 16 weeks of the Notice of Proceed, but denies that the project had been completed or it had fulfilled all of its obligations under the contract for the project. The contract obligated Richard Goettle, Inc. ("Goettle") to hold harmless Jefferson at Penn Quarter L.P. ("JPQ") and Jones/Tompkins Builders, Inc. ("Tompkins") for damages that were sustained in an adjacent building and caused by work being done on the project. As such, Goettle was required to engage in work on the adjacent buildings to satisfy the claim of the International Order of Odd Fellows ("IOOF"). Goettle also states that it was owed

1

monies by JPQ in the amount of the retainage that was withheld during the project by JPQ and never paid to Goettle for its work on the project (See Affidavits of Brian Heck and Goldie Jones).

    2. In Response to #5, Plaintiff states that while no written contract existed solely between Goettle and JPQ, the Subcontract in which Goettle entered with Tompkins fully incorporated the Prime Contract between JPQ and Tompkins and that further JPQ withheld monies due to Goettle after it terminated Tompkins from the project. Specifically, JPQ, through the contract, agreed to pay Goettle the monies withheld as a retainage during the project (See Subcontract of Goettle and Tompkins and Affidavit of Brian Heck).

    3. In Response to #6, Plaintiff admits that it sent an Application for Payment on or about July 31, 2002, but denies that the project had been completed or it had fulfilled all of its obligations under the contract for the project. The contract obligated Goettle to hold harmless JPQ and Tompkins for damages that were sustained in an adjacent building and caused by work being done on the project. As such, Goettle was required to engage in work on the adjacent buildings to satisfy the claim of the International Order of Odd Fellows. Goettle also states that it was owed monies by JPQ in the amount of the retainage that was withheld during the project by JPQ and never paid to Goettle for its work on the project (See Affidavit of Brian Heck and Goldie Jones).

    4. In Response to #7, Plaintiff admits that it sent a letter to Tompkins on or

2

about October 2, 2002, but denies that the project had been completed or it had fulfilled all of its obligations under the contract for the project. (See Affidavit of Brian Heck and Goldie Jones).

5. <u>In Response to #8</u>, Plaintiff admits that it sent a letter to JPQ on or about January 6, 2004, but denies that the project had been completed, that it had fulfilled all of its obligations under the contract for the project, or that the letter represented made such representations. (See Affidavit of Brian Heck and Goldie Jones).

6. <u>In Response to #9</u>, Plaintiff denies that its work was completed on July 24, 2002 and further states that it carried on its obligations under the contract until at least July of 2004. (See Affidavit of Brian Heck and Goldie Jones).

7. Plaintiff further states that as this matter comes before the Court on a Motion to Dismiss and/or Motion for Summary Judgment, plaintiff's unchallenged allegations in the Complaint must be accepted as true. As such:

8. Goettle is engaged in the business of providing commercial construction engineering, earth retention and related services (Complaint).

9. JPQ is the owner of certain real property in the District of Columbia known as 616 E Street, NW, Washington, DC (Complaint).

10. In November, 2000 JPQ solicited a bid from Goettle to do the sheeting, shoring and underpinning system for a condominium construction project on the JPQ Property (Complaint).

11. In December, 2000 Goettle submitted its bid to JPQ for such earth retention work. Over the next several months Goettle and JPQ had several post-bid meetings relating to the Project (Complaint).

12. In January, 2001 JPQ advised Goettle that JPQ would enter into a contract with Goettle for Goettle to do such earth retention work on the Project.

13. JPQ subsequently assigned the general contract work for the Project to Tompkins. (Complaint).

14. On October 12, 2001 Goettle entered into a subcontract with Tompkins to provide such earth retention work on the Project. (Complaint).

15. Prior to entering into the Subcontract the Project had been significantly delayed by JPQ. (Complaint).

16. On September 25, 2003 Tompkins filed a voluntary petition for relief under Chapter 11 of the US Bankruptcy Code and has not paid Goettle any of the monies for which judgment is sought herein against JPQ (Complaint).

17. When Goettle was given its notice to proceed with its work on the Project in October, 2001, the job site was not fully available for Goettle's work. (Complaint).

18. JPQ's design and subsequent redesign of certain portions of the Project caused delays in the shop drawing review process. (Complaint).

19. JPQ was required to demolish several existing buildings on the JPQ Property in order to proceed with the Project. JPQ altered the sequence in which

it planned to demolish such buildings that was set forth in the contract documents for the Project. (Complaint).

20. The services represented by such retainage benefitted the JPQ Property and have a reasonable value to JPQ of not less than $200,000.00. (Complaint).

21. During its performance of the subcontract for the project, Goettle was required to perform additional services and to incur additional expenses totaling $948,271.00. (Complaint).

22. JPQ received and accepted the benefit from Goettle providing said labor, work, services, materials and supplies. (Complaint).

23. JPQ knew or should have known that Goettle expected payment equal to the reasonable value of such labor, work, services, materials and supplies provided to JPQ. (Complaint).

24. Said labor, work, services, materials and supplies were not conferred gratuitously and JPQ has refused to pay for same. (Complaint).

                                        Respectfully submitted,
                                        **RICHARD GOETTLE, INC.**
                                        By Counsel

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030-0022
(703)385-1000 Telephone
(703)385-1555 Facsimile

*[signature]*

Stephen A. Horvath, Esquire
D.C. Bar No. 417137
*Counsel for Plainitff Richard Goettle, Inc.*
Shorvath@vadctriallaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2006, I electronically filed Plaintiff's **Opposition to Defendant's Statement of Material Facts Not in Dispute** with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to:

> Jeffrey G. Gilmore, Esquire
> Akerman Senterfitt Wickwire Gavin
> 8100 Boone Boulevard
> Suite 700
> Vienna, Virginia 22182
> *Counsel for Jefferson at Penn Quarter, L.P.*
> jeff.gilmore@akerman.com
>
> Joseph M. Sullivan, Esquire
> The Law Offices of Joseph M. Sullivan
> 4010 University Drive
> Suite 102
> Fairfax, Virginia 22030
> *Counsel for Jefferson at Penn Quarter, L.P.*
> jmspc@aol.com

*[signature]*

Stephen A. Horvath