## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD GOETTLE, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 06-1433 EGS** |
| v. | ) | |
| | ) | |
| JEFFERSON AT PENN QUARTER, L.P., | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Jefferson at Penn Quarter, L.P. ("JPQ"), by and through counsel, files this Answer and Affirmative Defenses to the Complaint filed by Richard Goettle, Inc. ("Goettle"), and states as follows:

## ANSWER

1.      Paragraph 1 states a legal conclusion to which no response is required. To the extent that any response is necessary, it is denied.

2.      JPQ lacks sufficient information upon which to base a belief of the truth or falsity of the allegations of Paragraph 2 and therefore denies the same.

3.      Admitted.

4.      Upon information and belief, Goettle is engaged in the business of providing construction, engineering, earth retention and related services. Any remaining allegations in Paragraph 4 are denied.

5.      Denied.

6.      Denied.

7.      Denied.

1

8.    Denied.

9.    JPQ admits that, as owner, it entered into a contract with J.A. Jones/Tompkins Builders, as general contractor, to provide certain construction labor, work, materials and services for the construction of the Jefferson at Penn Quarter Project located in Washington, D.C (the "Project").

10.    Upon information and belief, Goettle entered into a subcontract with J.A. Jones/Tompkins Builders to provide earth retention work on the Project.  Any remaining allegations contained in Paragraph 10 are denied.

11.    Denied.

12.    Upon information and belief, J.A. Jones/Tompkins Builders has filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.  The remaining allegations contained in Paragraph 12 are denied.

13.    JPQ incorporates its responses to the foregoing allegations into its following answers to the extent material thereto.

## Count I – Breach of Contract

14.    JPQ incorporates its responses as set forth in Paragraphs 1-13 of this Answer as if they were restated in full herein.

15.    Denied.

16.    JPQ lacks sufficient information upon which to base a belief of the truth or falsity of the allegations of Paragraph 2 and therefore denies the same.

17.    Denied.

18.    Denied

19.    Denied.

2

20.    Denied.

**WHEREFORE,** Defendant Jefferson at Penn Quarter, L.P. hereby requests that the claims against it be dismissed in their entirety, with prejudice, and that JPQ be awarded its reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

## Count II - Negligence

21.    JPQ incorporates its responses as set forth in Paragraphs 1-20 of this Answer as if they were restated in full herein.

22.    Denied.

23.    Denied.

24.    Denied

**WHEREFORE,** Defendant Jefferson at Penn Quarter, L.P. hereby requests that the claims against it be dismissed in their entirety, with prejudice, and that JPQ be awarded its reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

## Count I – Unjust Enrichment[1]

25.    JPQ incorporates its responses as set forth in Paragraphs 1-24 of this Answer as if they were restated in full herein.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

---

[1] Goettle has labeled two separate counts as "Count I." JPQ is uncertain whether this is a clerical error on Goettle's part or whether Goettle intends to present the two counts in the alternative.

3

30.    Denied.

31.    Denied.

32.    Denied.

33.    JPQ admits that it has refused to pay Goettle for labor or materials provided by Goettle to the Project, but denies that it had any contractual or other legal obligation to do so.

34.    Denied.

35.    JPQ denies all allegations of the Complaint that have not been expressly admitted above.

**WHEREFORE,** Defendant Jefferson at Penn Quarter, L.P. hereby requests that the claims against it be dismissed in their entirety, with prejudice, and that JPQ be awarded its reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

By way of further response to the Complaint, JPQ will rely on some or all of the following affirmative defenses or other matters in avoidance:

1.    Venue in this court is improper.

2.    The Complaint fails to state a claim upon which relief may be granted.

3.    The Complaint is barred in whole or in part because Goettle has failed to file within the applicable limitations period.

4.    The Complaint is barred in whole or in part by waiver or estoppel.

5.    The Complaint is barred by Goettle's failure to mitigate its damages, if any.

6.    The Complaint is barred in whole or in part by Goettle's failure to comply with conditions precedent, including those contained in Goettle's Subcontract agreement with J.A. Jones/Tompkins Builders.

7.    The Complaint is barred by Goettle's failure to allege a written contract with JPQ as required by D.C. Code § 40-303.19.

8.    In addition to the above affirmative defenses, JPQ reserves the right to rely upon any additional defenses or matters in avoidance which become known to it during the course of discovery and/or trial.

**WHEREFORE,** Defendant Jefferson at Penn Quarter, L.P. hereby requests that the claims against it be dismissed in their entirety, with prejudice, and that JPQ be awarded its reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

**DATED:**        September 14, 2006

Respectfully submitted,


/s/ Jeffrey G. Gilmore
_____

Jeffrey G. Gilmore, D.C. Bar No.  388362
AKERMAN SENTERFITT
WICKWIRE GAVIN
8100 Boone Blvd, Suite 700
Vienna, Virginia 22182
Phone 703-790-8750
Fax 703-448-1801
jeff.gilmore@akerman.com



/s/ Joseph M. Sullivan
_____

Joseph M. Sullivan, D.C. Bar No. 442865
THE LAW OFFICES OF JOSEPH M.
SULLIVAN, P.C.
4010 UNIVERSITY DRIVE, SUITE 102
FAIRFAX, VA 22030
703.277.3390 - TEL.
703.277.3392 - FAX
jmspc@aol.com

*Counsel for Jefferson at Penn Quarter, L.P.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2006, I electronically filed Defendant Jefferson at Penn Quarter L.P.'s Answer and Affirmative Defenses and any attachments, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to:

Steven A. Horvath, Esq.
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030-0022

*Counsel for Plaintiff Richard Goettle, Inc.*

/s/ Jeffrey G. Gilmore
_____
Jeffrey G. Gilmore