IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RICHARD GOETTLE, INC.

    Plaintiff,

v.

JEFFERSON AT PENN
QUARTER, L.P.

    Defendant.
_____/

Civil Action No. 1:06 cv-01433-EGS

## JOINT RULE 16 SUBMISSION

COME NOW, the plaintiff, Richard Goettle, Inc., and the defendant, Jefferson at Penn Quarter, L.P., by counsel, and pursuant to the Court's Scheduling Order and Rule 16.3, LCvR, submit the following:

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

The defendant has submitted a Motion to Dismiss, and Motion for Summary Judgment. The defendant feels that the case is likely to be resolved by dispositive motions. The plaintiff disagrees, and feels that this matter will need to be tried on the merits.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

1

The parties do not see a need at this time to join additional parties, but request an additional sixty (60) days from the date of the Initial Scheduling Conference within which to make a final decision to join any additional parties, if necessary.

3. The case should be assigned to a magistrate judge for all purposes, including trial.

The parties do not consent to this matter being heard by a magistrate judge for all issues.

4. Whether there is a realistic possibility of setting the case.

The parties are prepared to discuss settlement, and are willing to participate in settlement discussions. However, it appears that the ability to resolve this matter by settlement is remote.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties feel that this matter may benefit from ADR, and feel that ADR may be most beneficial after the initial exchange of Rule 26 (a) Statements.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The defendant feels that this matter will be resolved by summary judgment or motion to dismiss. The plaintiff's position is that this matter will need to be

tried on its merits.

7.	Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26 (a)(1), F.R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties do not see a need for any changes to the requirements of Rule 26 (a) (1) F.R.Civ.P. The plaintiff will file its Rule 26 (a) (1) Statement within thirty (30) days of the Initial Scheduling Conference, and the defendant will file its Rule 26 (a) (1) Statement within sixty (60) days of the Initial Scheduling Conference.

8.	The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

It is anticipated that a number of expert witnesses will be needed for this case, and as a result, with the scope of the documents involved and expert witnesses, discovery will take approximately nine (9) months to complete.

9.	Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26 (a) (2), F.R. Civ. P., should be modified, and whether and when depositions of experts should occur.

The parties to not see any need to change the requirements for filing expert reports.

10.	In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

3

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties do not feel this matter should be bifurcated or managed in phases.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Counsel have conferred, and would be available for a pretrial conference during the first two weeks in October, 2007.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties would prefer a firm trial date set at the pretrial Conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

Respectfully submitted,

/s/ Stephen A. Horvath
_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
Trichilo, Bancroft, McGvin,
Horvath & Judkins, P.C.
3920 University Drive
Fairfax, Virginia 22030-0022
(703)385-1000 Telephone
(703)385-1555 Facsimile
Counsel for Plaintiff Richard Goettle, Inc.
Shorvath@vadctriallaw.com

/s/ Jeffrey G. Gilmore
_____
Jeffrey G. Gilmore, Esquire
D.C. Bar No. 388362
Akerman Senterfitt Wickwire Gavin
8100 Boone Boulevard
Suite 700
Vienna, Virginia 22182
(703) 790-8750 Telephone
(703) 448-1801 Facsimile
*Counsel for Jefferson at Penn Quarter, L.P.*
jeff.gilmore@akerman.com


/s/ Joseph M. Sullivan
_____
Joseph M. Sullivan, Esquire
D.C. Bar No. 442865
The Law Offices of Joseph M. Sullivan
4010 University Drive
Suite 102
Fairfax, Virginia 22030
(703) 277.3390 Telephone
(703) 277.3392  Fascimile
*Counsel for Jefferson at Penn Quarter, L.P.*
jmspc@aol.com